IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


BRIAN LOFTIS )
)
v. ) NO. 3-15-0095
) JUDGE CAMPBELL
KENNETH O. LESTER CO., INC., et al. )


## MEMORANDUM


Pending before the Court is Defendants'[1] Motion for Judgment on the Pleadings (Docket No. 7). For the reasons stated herein, Defendants' Motion is DENIED.

## INTRODUCTION

Plaintiff brought this action against his former employer for wrongful termination of his employment in violation of the Tennessee Disability Act and in retaliation for the exercise of his workers' compensation rights. Plaintiff also asserts that Defendants interfered with his exercise of Family and Medical Leave Act ("FMLA") rights and retaliated against him for exercising those rights. Docket No. 1-1.

Defendants, after removing the action from state court, have moved for judgment on the pleadings based upon judicial estoppel and lack of standing. Defendants contend that Plaintiff failed to disclose the claims which are the basis of this action in his Chapter 13 bankruptcy proceeding and is, therefore, now precluded from raising those claims here. Defendants also argue that because of his bankruptcy, Plaintiff lacks standing to bring this action.

---

[1]     Since the filing of Defendants' Motion, the Court (upon Stipulation of the parties) has dismissed all Defendants other than Kenneth O. Lester Company, Inc. Docket No. 21.

MOTIONS FOR JUDGMENT ON THE PLEADINGS

The Federal Rules of Civil Procedure provide that after the pleadings are closed, but within such time as not to delay the trial, any party may move for judgment on the pleadings. Fed. R. Civ. P. 12(c). The standard of review applicable to motions for judgment on the pleadings is the same as that applicable to motions to dismiss under Fed. R. Civ. P. 12(b)(6), which requires the Court to construe the complaint in the light most favorable to the Plaintiff, accept all of the complaint's factual allegations as true, and determine whether the Plaintiff undoubtedly can prove no set of facts in support of the claims that would entitle relief. *Rawe v. Liberty Mut. Fire Ins. Co.*, 462 F.3d 521, 526 (6th Cir. 2006); *Ziegler v. IBP Hog Market, Inc.,* 249 F.3d 509, 511-512 (6th Cir. 2001).

ANALYSIS

The issue in dispute here boils down to one question: does Plaintiff's disclosure, on Schedule B of his bankruptcy petition, of a "disability claim regarding a back injury" encompass the claims asserted in this lawsuit or only his workers' compensation claim which was filed in state court?

Defendant insists on characterizing the disclosed claim as "a disability claim related to the workers' compensation statute" or "a claim under the workers' compensation statute," but that is not what the bankruptcy petition says. The disclosed claim is not so limited. The disclosed claim states simply "disability claim regarding a back injury."[2]

Plaintiff argues that this disclosure, in his initial bankruptcy petition, was sufficient to encompass the claims of this action. Plaintiff's position is supported by a Declaration of the Chapter

---

[2]    Defendants also argue that Plaintiff's claim for exemption, on Schedule C of his bankruptcy petition, listed his disability claim regarding back injury in connection with the workers' compensation statute and made no mention of the claims in this case. Plaintiff's wrongful termination claims, however, are not exempt, and Plaintiff could not have claimed they were.

13 Bankruptcy Trustee, Henry Hildebrand, who states that Plaintiff's disclosure put him on notice of a number of potential bases for claims against a former employer and provided him sufficient information to inquire further if he needed to do so. Docket No. 13. Moreover, Mr. Hildebrand asks that Plaintiff's claims not be dismissed so that the asset can be preserved for the bankruptcy estate. *Id.*

The Court finds that Plaintiff is not estopped from bringing this action. His disclosure in bankruptcy was not contrary to the claims brought herein. Defendants' Motion for Judgment on the Pleadings on that basis is denied.

Defendants also argue that Plaintiff has no standing to bring this action because the bankruptcy trustee is the real party in interest. Plaintiff's bankruptcy plan, however, grants the duty to pursue any causes of action for the benefit of the debtor and/or the estate to the Trustee and/or the Debtor. Docket No. 12-2. Defendants' Motion on this basis is also denied.

CONCLUSION

For these reasons, Defendants' Motion for Judgment on the Pleadings (Docket No. 7) is DENIED.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE